UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.                                              ACTION NO. 2:05mj213

MELODIE HOPE COTUGNO,

     Defendant.

O R D E R

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

    There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.

    The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the case appears very strong against the defendant. Numerous phone calls were intercepted between the defendant and a

drug distributor. In addition, the defendant has given at least a partial confession as to her role in the events.

The defendant has lived in the community for six years and at her current address for two years. She has had gainful employment for the last five years in Norfolk.

The defendant proposed a Ms. Williams, a 20-year-old friend, as a third-party custodian. The Court FINDS that Ms. Williams is extraordinarily naive and knew nothing about the defendant's extensive criminal and drug background.

The Court rejects Ms. Williams as a potential third-party custodian.

The defendant used marijuana when she was young and used cocaine in 1986 and 1987, then stopped its use, and began to use it again in March of 2005.

The defendant's criminal record is lengthy. For crimes against property she has seven misdemeanor convictions and four felony convictions. On her felony convictions in 1989 she had parole revoked three times, until the sentence finally expired. She has three misdemeanor convictions for failure to appear, one conviction for accessory after the fact on possession of cocaine, and a prostitution and indecent exposure conviction. The last conviction was in 1996. However, the defendant absconded from charges, failed to appear, and violated supervision numerous times. The Court FINDS that she is a nonappearance risk due to her prior arrests,

convictions for failure to appear, and the fact that she previously absconded from supervision and failed to report to the probation officer as directed.  In addition, the Court FINDS that she is a danger to the community due to the nature of the charged offense, her prior criminal history, her self-reported substance abuse, her prior parole violations, and the fact that she committed new offenses while on supervision.

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk,

3

and to counsel of record for the defendant.

                                                  /s/
                                        Tommy E. Miller
                                    United States Magistrate Judge

Norfolk, Virginia

May 25, 2005